**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMERIS BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:25-mc-109-TFM-MU** |
| | ) | |
| **BREWTON LODGING LLC, *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiff's Motion for Order of Contempt Against Defendants and Incorporated Memorandum of Law* (Doc. 27, filed July 29, 2026). Defendants did not file any response. On September 2, 2026, the Court set the motion for a hearing on September 29, 2026. *See* Doc. 28.

The Court convened the hearing on September 29, 2026, and Defendants, despite very clear instructions about what would happen if they failed to appear, still did not attend. The record shows that Ashley Patel and Brewton Lodging LLC were sent a copy of the Court's order by regular mail and by UPS 2-day delivery. *See* Docs. 28, 29. The Court took as unopposed at this time the sworn evidence presented by the Plaintiff in its motions. *See generally* Doc. 27. The evidence demonstrated a clear pattern of the Defendants' continued refusal to comply with the lawful orders of this Court. The Court further orally ordered that a writ of bodily attachment would issue for Ms. Patel. This order provides the Court's findings and conclusions.

### I. STANDARD OF REVIEW

"[C]ivil contempt proceeding[s are] brought to enforce a court order that requires [a party] to act in some defined manner." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting

*Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). "A finding of civil contempt — willful disregard of the authority of the court — must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id*. (citations omitted).

## II. Discussion and Analysis

"Civil contempt proceedings are brought to enforce a court order that requires a party to act in some defined manner." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990) (modifications omitted)). "A finding of civil contempt — willful disregard of the authority of the court — must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id*. (citations omitted). In *Turner v. Rogers*, 564 U.S. 431 (2011), the Court recognized that civil contempt differs from criminal contempt "in that it seeks only to coerce the defendant to do what the court has previously ordered him to do." *Id*. at 441 (citation omitted). In other words, a civil contempt defendant "carries the keys of his prison in his own pocket," because he is purged of contempt once he complies with the underlying order. *Id*.

The Court now finds as follows after consideration of the evidence and the sworn affidavit by Plaintiff's counsel:

> On January 6, 2025, Plaintiff obtained a judgment against Defendants Brewton Lodging LLC and Ashley Patel in the amount of $168,828.06. On March 18, 2025,

Plaintiff registered the judgment in this Court by filing its *Clerk's Certification of a Judgment to be Registered in Another District* pursuant to 28 U.S.C. § 1963. As of this date, Defendants have made no payments to Plaintiff toward the judgment.

On December 11, 2025, Plaintiff served Defendant Brewton with its *Notice of Taking Deposition and Requests for Production of Documents Pursuant to Rules 69 and 34 of the Federal Rules of Civil Procedure to Brewton Lodging LLC*. In addition to the production of documents, the Brewton Discovery notified Brewton that Ameris has scheduled and would take the deposition of Brewton on January 26, 2026. Also on December 11, 2025, Plaintiff served Defendant Patel with its *Notice of Taking Deposition and Requests for Production of Documents Pursuant to Rules 69 and 34 of the Federal Rules of Civil Procedure to Ashley Patel*. In addition to the production of documents, the Patel Discovery notified Patel that Plaintiff scheduled and would take her deposition on January 26, 2026. Pursuant to the Federal Rules of Civil Procedure, both Defendants were required to respond to the discovery requests on or before January 15, 2026.

Neither Brewton nor Patel served or otherwise offered any response to the discovery. On January 16, 2026, Plaintiff, through its counsel, corresponded with the Defendants in a good faith effort to resolve their failure to respond to the discovery. The correspondence requested the Defendants provide complete responses on or before January 23, 2026. Additionally, the correspondence suspended the depositions scheduled for January 26, 2026, until such time as Defendants provided responses to the discovery.

On February 20, 2026, Plaintiff filed and served upon Defendants its *Motion to Compel Defendants' Response to Plaintiff's Post-Judgment Requests for Production of Documents*. (Doc. 17). The Court ordered Defendants to show cause why the motion should not be granted by filing a written response to the motion on or before March 27, 2026. (Doc. 19). Defendants failed to file a response. On March 31, 2026, the Court entered its Order compelling Defendants to "fully respond to all discovery propounded by Plaintiff, without objection, on or before April 14, 2026. (Doc. 24). The Court further granted Plaintiff's request for reasonable attorneys' fees and costs in the amount of $1,790.93 incurred in filing the motion to compel due to the failure of Defendants to comply with their discovery obligations. (Doc. 26).

Despite having been ordered to respond to the discovery, Defendants failed to do so. Thus, Plaintiff filed the instant *Motion for Order of Contempt Against Defendants and Incorporated Memorandum of Law*. (Doc. 27). The Court entered an order setting the instant motion for a hearing. (Doc. 28). In its order, the Court clearly warned Defendants of the consequences should Defendants fail to appear at the hearing. The order was served on Defendants by certified mail. (Docs. 28-1, 29).

Defendants did not appear at the September 29, 2026 show cause hearing.

In addition, the Court also finds the following additional facts:

(1) The Court scheduled a civil contempt hearing on September 29, 2026 at 1:30 pm. *See* Doc. 28. The order was sent by certified mail via the United States Postal Service, which was shown as delivered on September 10, 2026. Doc. 29.

(2) The Court convened the hearing after waiting an additional fifteen (15) minutes to ensure Defendants had adequate time to arrive. The proceeding started at approximately 1:45 p.m. Defendants did not appear at the September 29, 2026 hearing.

The Court finds by clear and convincing evidence that: (1) the allegedly violated court orders were valid and lawful; (2) the orders were clear and unambiguous; and (3) Defendants had the ability to comply with the orders. In fact, the Court was quite clear on what would happen if Defendants did not attend the September 29, 2026 hearing.

Therefore, the Court finds that Defendants are **HELD IN CIVIL CONTEMPT** for their failure to comply with the court order compelling discovery.

## III. Writ of Bodily Attachment

Consequently, the Clerk of Court is **DIRECTED** to issue a Writ of Bodily Attachment for Ashley Patel.

The United States Marshals Service ("USMS") is **DIRECTED** to locate Ashley Patel and take her into custody pursuant to the Writ of Bodily Attachment and bring her before the Court for further proceedings. While this is not a criminal process, for all intents and purposes it is effectuated like an arrest. The USMS shall maintain physical custody of Ashley Patel until further instructions by the Court.

The Federal Rules of Civil Procedure provide that "[a]n order committing a person for civil

contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued." FED. R. CIV. P. 4.1(b).

In this case, the Court need not delve into whether this matter implicates federal law because from the docket sheet it appears that Ashley Patel resides in the state of Alabama, therefore nationwide jurisdictional limits are not at issue in this case. The Court finds that the writ of bodily attachment may be served and enforced within the State of Alabama or within 100 miles of this district. If it is determined that Ashley Patel is now outside of the jurisdictional limits established then Plaintiff may file a supplemental brief showing why should it believes more extensive jurisdiction is warranted considering the requirements of Rule 4.1(b) and the applicable caselaw.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Order of Contempt (Doc. 27) is **GRANTED**. The Court finds that Ashley Patel and Brewton Lodging LLC are in **CIVIL CONTEMPT**. A Writ of Bodily Attachment is issued and the USMS shall effectuate taking Ashley Patel into custody to bring her before the Court for further proceedings.

The Court provisionally[1] appoints counsel for Ashley Patel for the limited purposes of these contempt proceedings as Ashley Patel shall be maintained in USMS custody until she takes actions necessary to purge herself of the contempt – i.e. she complies with the previous Court order

[1] Ashley Patel will need to complete the normal form regarding financial eligibility once she is brought before the Court in order to justify a judicial finding of financial eligibility of the appointment of counsel at no expense. Otherwise, Ashley Patel is also free to retain counsel of her own choice should she not qualify for the appointment of counsel.

compelling discovery. The Clerk of Court is **DIRECTED** to identify the next person available on the CJA list for appointment once Ashley Patel is brought into custody.

The contempt proceeding shall remain **OPEN** pending the USMS effectuating the arrest under the writ of bodily attachment.

The Court further holds in abeyance any further determinations regarding any other sanction the Court may find appropriate to include the possibility of reasonable expenses and attorneys' fees.

**DONE** and **ORDERED** this 29th day of September, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE